IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | |
|---|---|
| *Plaintiff*, | Case No. CR-15-079-JHP |
| v. | |
| WADE LEWIS RITCHIE, | |
| *Defendants*. | |

## OPINION AND ORDER

Before the Court is Defendant Wade Lewis Ritchie's Motion for New Trial. (Doc. #74). Defendant claims that certain aspects of the jury and their deliberations challenge the sanctity of his verdict. Specifically, the motion identifies two complaints based on a juror's post-verdict testimony: (1) conversation between various jurors about the Garden Walk Apartments during deliberations and (2) perceived intimidation by a fellow juror who "stared" at her, thereby creating fear which followed her into the open-court polling process. Having considered Defendant's motion, the government's response, and the well-developed record, the Court finds and concludes that Defendant's motion is denied.

Defendant was charged in Count One, with Felon in Possession of Firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), & 924(e) and Count Two Possession of Unregistered Firearm (Destructive Device) in violation of 26 U.S.C. §§ 5861(d), 5841, 5871.

Defendant's jury trial began on May 3, 2016 and the evidence concluded on May 4, 2016. The jury instructions and closing arguments were presented to the jury on the morning of

May 5, 2016, and the case was submitted to the jury for deliberation at 11:21 a.m. Less than two hours later, at 1:13 p.m., the jury returned its verdict and found Defendant guilty on both counts of the Indictment. The jury was polled in open court and all jurors agreed with the verdict as read by the Court. The jury was then discharged and court adjourned at 1:23 p.m.

On May 11, 2016, a conference call was conducted between counsel for the parties and the United States Court Clerk for the Eastern District of Oklahoma. During the conference call, the Clerk advised that a juror in this case had contacted the Clerk's Office on May 10, 2016, stating that she had been having nightmares and expressed concern over the verdict. The juror alleged the following:

- feeling intimidated by other jurors during deliberations;
- feeling as if most of the jurors just wanted to get finished and leave;
- the foreman would not read the Court's response to the question submitted to the Court;
- the foreman said he did not think anyone wanted to see the evidence and decided they did not need to see the evidence; and
- some of the jurors refused to discuss the evidence.

The Clerk advised counsel that the Court was not going to speak with the juror.

On May 17, 2016, Defendant filed a Motion to Contact Juror and the following day, May 18, 2016, the Court entered an Order directing the Government to respond by noon on May 20, 2016. On May 20, 2016, the government filed a Response to Motion to Contact Juror. Defendant's motion to Contact Juror was granted by the Court on June 3, 2016, and a hearing was set on June 10, 2016.

On June 10, 2016, the Court held an in-chambers hearing. At the outset of the hearing, the Court repeatedly emphasized the hearing was being conducted pursuant to Federal Rules of Evidence 606 (noting the questions will be directed from the purview of that Rule). At the conclusion of the hearing, the government moved to strike the majority of the juror's testimony

because the testimony "was well outside the rules" and was "going into those jury deliberations." The Court later entered a minute order advising that counsel may file motions by June 17, 2016. Accordingly, the government filed a written motion to strike the juror's testimony. On June 16, 2016, Defendant filed a Motion for New Trial.

Rule 33(b)(2) of the Federal Rules of Criminal Procedure requires a motion for new trial, other than one grounded on newly discovered evidence, be filed within 14 days after the verdict or finding of guilty. Defendant's motion does not fall within that enumerated timeline. In the case at bar, the verdict was returned on May 5, 2016, and the motion for new trial was filed on June 16, 2016, well outside the 14-day timeline of Rule 33(b)(2). The motion was not filed within 14 days of the notification of the juror's call to the court, which occurred on May 11, 2016. Rule 33's 14-day deadline is a "non-jurisdictional claim processing rule" which is inflexible. Defendant did not seek an extension of time to file his motion within the original 14-day time period; therefore, his motion is denied as untimely. *See generally*, *Eberhart v. United States,* 546 U.S. 12 (2005); *United State v. Mitchell*, 518 F. 3d 740 (10th Cir. 2008).

In addition to the denial of Defendant's motion for being untimely, this Court also denies the motion for a lack of evidence to support a motion for a new trial. Rule 606(b)(1) provides:

> During an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment. The court may not receive a juror's affidavit or evidence of a juror's statement on these matters.

The only exceptions to this general prohibition are set forth in Rule 606(b)(2):

> A juror may testify about whether:
> (A) extraneous prejudicial information was improperly brought to the jury's attention;
> (B) an outside influence was improperly brought to bear on any juror; or
> (C) a mistake was made in entering the verdict on the verdict form.

In this instance, the juror's post-verdict testimony does not fall within any of the exceptions of Rule 606(b)(2). There was no evidence presented of outside influence improperly brought upon a juror, nor was there a mistake made on the verdict form. Consequently, the only exception Defendant's motion could possibly fall within is subsection (A): extraneous prejudicial information was improperly brought to the jury's attention. However, the allegations of extraneous prejudicial information made by Defendant do not qualify under that final subsection as neither is sufficient to challenge the sanctity of a verdict.

*1. Garden Walk Apartments Conversation During Deliberation*

Defendant contends the jurors considered extraneous prejudicial information when the jurors described the Garden Walk Apartments as government-subsidized and trashy. The testimony from the in-camera hearing shows that the man who made one of the comments knew of the apartments because he worked for the city, not because he had done any independent investigation. The Tenth Circuit makes plain a juror may refer to his or her personal experience. *See Marquez v. City of Albuquerque*, 399 F.3d 1216, 1223 (10th Cir. 2005) (an "expert juror" who held herself out as a dog training expert and conveyed her knowledge to the jury in a police dog training case did not introduce "extraneous prejudicial information" where she did not discuss "specific extra-record facts relating to the defendant creating a significant possibility of prejudice" (*internal citations omitted)*). *See also Vigil v. Zavaras*, 298 F.3d 935, 939, 41-43 (10th Cir. 2002) quoting (juror drawing map based on knowledge of area to test timing of an alibi defense not sufficient to cause reversal).

In fact, from the record it seems the complaining juror was the one who discussed the government funding issue: "And my question was – my answer was Garden Walk is government funded. Felons cannot be in Garden Walk." (Hrg Tr, at 7). Her continuing testimony makes it

obvious that such observations about Garden Walk were common knowledge among the jurors and not something they had to learn from any extraneous source: "Well, I am from this area and we have got a Garden Walk, you know, in Ft. Gibson. Garden Walk – there is a lot of Garden Walks in this surrounding area that are government subsidized. That's what they are for. I mean that – everybody knows that." (Hrg. Tr. at 8). The juror also made plain that this was not extraneous information she got in the jury room, but common knowledge from living in the community. "Oh yeah, I already knew it. Yeah, I had known this for years, for years I've known what Garden Walk was."(Hrg. Tr. at 9).

True extraneous information under Rule 606(b) is vastly different from that described in the motion for new trial. "These exceptions for extraneous influences cover misconduct such as jurors reading news reports about the case, jurors communicating with third parties, bribes and jury tampering." *United States v. Benally,* 546 F.3d 1230, 1236 (10th Cir. 2008). The jurors' common knowledge about the community is not extraneous. If the information is not extraneous, the Court may not delve into the jury's deliberative process, admit testimony under Rule 606(b), or overturn a verdict. *Id*. at 1237-38.

    *2.* Fellow Juror Intimidation

Defendant further contends the complaining juror's allegation of another juror sitting across from the complaining juror and staring at her during deliberations warrants a new trial. There is no allegation the other juror tried to single out the complaining juror or attempted to separate the complaining juror from the group as a whole. Nevertheless, the complaining juror testified her vote was 100 percent based on fear of the other juror. Such fear also, according to the complaining juror, carried over into open court and the polling of the jury.

5

"Testimony concerning intimidation or harassment of one juror by another falls squarely within the core prohibition of [Rule 606]." *Robinson v. Gibson*, 35 Fed. Appx. 715, 719-21 (10th Cir. 2002) (quoting *United States v. Stansfield*, 101 F.3d 909, 914 (3d Cir.1996)). Additionally, in *United States v. Briggs*, 291 F.3d 958 (7th Cir. 2002), a juror alleged she had been "intimidated" into a verdict, although there was no evidence of physical intimidation. The court held that even where there was "extreme and excessive pressure" to change votes, "a court will not inquire into the jury's deliberative process, including arguments, statements, discussions, mental and emotional reactions, and votes, in the absence of a claim of external influence." *Id*. at 963.

Furthermore, Defendant's attempt to side-step the extraneous influence requirement of Rule 606(b)(2), by offering the juror's testimony about how she responded during the court's post-verdict polling in open court, has been rejected by the Tenth Circuit and the Supreme Court. In *Benally*, defense counsel argued that two juror's racial slurs against Native Americans were offered not to undermine the deliberative process, but solely to show the jurors lied during voir dire when asked their opinions on Native Americans. *Benally* at 1235. However, the Tenth Circuit disagreed and stated, "Although the immediate purpose of introducing the testimony may have been to show that the two jurors failed to answer honestly during voir dire, the sole point of this showing was to support a motion to vacate the verdict, and for a new trial. That is a challenge to the validity of the verdict." *Id*. The Court agreed with the government that allowing such testimony through a "backdoor" voir dire challenge "risks swallowing the rule." *Id*. at 1236. Moreover, the Supreme Court reached the same conclusion on a voir dire challenge in *Warger v. Shauers*, 135 D. Ct. 521 (2014). Such a risk of undermining Rule 606 is even more

6

apparent when the challenge is to the polling of the jury on the validity of the verdict, as is the case here.

The claims the juror was intimidated in open court are not reasonable or credible. Once outside the deliberation room and in open court, the juror was no longer staring into the eyes of the other juror and thus any possible intimidation had disappeared. In addition, the Court and its compliment of security officers could certainly protect the juror. There is no allegation the juror felt intimidated by the Court. If truly traumatized during the polling process, a juror would use that opportunity over any other to inform the Court of any undue pressure. Here, the juror affirmed the verdict by her own volition and made no mention to the Court of being bullied, intimidated, or pressured. Moreover, this Court did not observe any signs of fear, intimidation or bullying. Consequently, the juror's allegations are not sufficient to warrant an exception to Rule 606's prohibition on juror testimony.

Because the motion for new trial was untimely and unsupported by admissible evidence under the constraints of Rule 606(b), the motion for new trial is denied.

**IT IS SO ORDERED this 28th day of July, 2016.**

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma